IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ANTHONY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1790-K |
| | § | |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Anthony, an inmate at FCI-Seagoville, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of subject matter jurisdiction.

I.

Petitioner was convicted by a jury in the Northern District of Oklahoma of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 & 841(a)(1). Punishment was assessed at 360 months confinement. His conviction and sentence were affirmed on direct appeal and collateral review. *United States v. Price*, Nos. 92-5033 & 92-5041, 1993 WL 191841 (10th Cir. Jun. 4, 1993); *United States v. Price*, No. 89-CR-91-C (N.D. Okla.), *COA denied and appeal dism'd*, Nos. 97-5069 & 97-5124, 1998 WL 694501 (10th Cir. Oct. 6, 1998). A prior section 2241 motion filed by petitioner was dismissed with prejudice. *Anthony v. United States*, No. 3-01-CV-1236-G, 2002 WL 24253 (N.D. Tex. Jan. 8, 2002), *aff'd*, No. 02-10105 (5th Cir. Dec. 24, 2002). Undeterred, petitioner now seeks habeas relief on the grounds that: (1) his sentence was

improperly enhanced for possessing a firearm and for being a leader or organizer; (2) his sentence was based on an amount of drugs not alleged in the indictment; and (3) he received ineffective assistance of counsel. Process has been withheld pending a screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Petitioner raises at least one argument that was foreclosed by circuit precedent at the time of his trial, appeal, and section 2255 motion--that his sentence was improperly enhanced by factors not alleged in the indictment or determined by a jury as required by *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] However, *Booker* does not apply retroactively to cases

---

[1] In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States

on collateral review. *Booker*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding that *Booker* is not applicable to cases already final); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same). That petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *Tubbleville v. Joslin*, No. 3-05-CV-0940-K, 2005 WL 1383162 at *1 (N.D. Tex. Jun. 8, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1501591 (N.D. Tex. Jun. 24, 2005) (Kinkeade, J.). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

III.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek habeas relief from the court which sentenced him. 28 U.S.C. § 2255; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), *citing Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990). This filing requirement is jurisdictional. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Because petitioner was convicted and sentenced in the Northern District of Oklahoma, jurisdiction is proper only in that district.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice for lack of subject matter jurisdiction.

---

Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extends that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 125 S.Ct. at 755-56.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE